UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| HECTOR GREGORIO VARELA HUESCA,<br><br>Petitioner,<br><br>v.<br><br>BRISON SWEARINGEN,<br>FIELD OFFICE DIRECTOR,<br>DAVID J. VENTURELLA,<br>MARKWAYNE MULLIN,<br>TODD BLANCHE,<br><br>Respondents. | ) | No. 2:26-cv-00532-JPH-MG |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Hector Varela-Huesca is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials in July 2026, and is detained at the Clay County Jail in Brazil, Indiana. Among other claims, he alleges that his detention is unlawful because he has been denied the opportunity for a bond hearing under 8 U.S.C. § 1226(a). Mr. Varela-Huesca now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing. Dkt. 1 at 22-31.

For the reasons explained below, the Court grants the petition and orders Respondents to either afford Mr. Varela-Huesca an individualized bond hearing or release him from custody, under reasonable conditions of supervision.

## I. Background

Mr. Varela-Huesca is a citizen and native of Mexico. Dkt. 1 at ¶¶ 1-5, 20, 53-57. He has resided in the United States since 2008. *Id.* He was arrested by

ICE in July 2026 while in the interior of the country and is currently being held at the Clay County Jail in Brazil, Indiana, pending removal proceedings. *Id.* He is being held without bond. *Id.*

## II. Discussion

Mr. Varela-Huesca claims that his current detention violates the INA because he has been unlawfully denied the opportunity for a bond hearing. Dkt. 1 at 22-31. He also claims that his detention is in violation of "the bond regulations" and the Due Process Clause of the Fifth Amendment. *Id.*

In their return, Respondents "have determined that the outcome of [the] [p]etition is controlled by the United States Court of Appeals for the Seventh Circuit's recent decision in *Cirrus Rojas v. Olson*, --- F.4th ----, No. 25-3127, 2026 WL 2198315, at *4 (7th Cir. July 30, 2026). Dkt. 8 at 1-2. In *Cirrus Rojas*, the Seventh Circuit determined that § 1225(b)(2)(A)'s mandatory detention scheme applies only to noncitizens who are "seeking admission" to the United States and not to noncitizens who have entered the United States without obtaining lawful admission, remained inside the United States for years, and have been apprehended in the interior of the United States by immigration officials.

The respondents "acknowledge that *Cirrus Rojas* is binding on this Court and the immigration courts within the [Seventh Circuit]," that it "resolves the case and controversy of this" habeas action, and that "[Mr. Varela-Huesca's] detention is lawful under 8 U.S.C. § 1226 . . . ." Respondents concede that Mr. Varela-Huesca "is entitled to a custody redetermination hearing." Dkt. 8 at 1-2.

Thus, it is undisputed that Mr. Varela-Huesca is entitled to habeas relief insofar as he is eligible for a bond hearing.

### III. Scope of Relief

Mr. Varela-Huesca requests immediate release from custody. Dkt. 1 at 31; dkt. 10 at 6-7. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Varela-Huesca's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations. Because the Court has found that Mr. Varela-Huesca's detention violates the INA, it need not reach his claim regarding bond regulations or his claim that his detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

Finally, the respondents ask the Court to dismiss this action and direct Mr. Varela-Huesca to exhaust his administrative remedies by requesting a bond hearing in an immigration court. Dkt. 8 at 2-3. In previous cases on the §§ 1225-1226 issue, the Court has not denied habeas relief for failure to request a bond hearing in the immigration court due to the government's firm stance that bond

was not possible. *See Delgado Avila v. Crowley*, No. 2:25-cv-00533-MPB-MJD, 2025 WL 3171175, *2 (S.D. Ind. Nov. 13, 2025); *Mohammed v. Olson*, No. 1:25-cv-2404-TWP-MKK, 2025 WL 3541819, at *2 (S.D. Ind. Dec. 10, 2025); *Chesme Bazurto v. Olson, et al.*, No. 1:26-cv-00122-SEB-CSW, 2026 WL 285993, *2 (S.D. Ind. Feb. 3, 2026); *Morales Sandoval v. Crowley, et al.*, No. 2:25-cv-00560-JRS-MKK, 2025 WL 3760760, *2 (S.D. Ind. Dec. 30, 2025); *Choudhary v. Swearningen, et al.*, No. 2:26-cv-00041-JPH-MG, 2026 WL 205513, *2 (S.D. Ind. Jan. 26, 2026); *Diaz Gonzalez v. Swearningen, et al.*, No. 1:25-cv-02141-RLY-TAB, dkt. 14 at 8-10 (S.D. Ind. Nov. 18, 2025). Given that the government has only changed that position in response to *Cirrus Rojas*, and after this litigation began, the Court will not impose an exhaustion requirement now and will instead order the respondents to schedule a bond hearing or release Mr. Varela-Huesca.

## IV. Conclusion

The Court grants the petition to the extent that **no later than 5:00 p.m. on August 31, 2026**, Respondents must either: (1) provide Mr. Varela-Huesca with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Varela-Huesca from custody, under reasonable conditions of supervision. Respondents must file documentation certifying that they have either provided Mr. Varela-Huesca with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable.

If Federal Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Mr. Varela-Huesca's counsel upon the scheduling of the hearing.

The petition is **denied** to the extent that it seeks immediate release. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 8/20/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel.